Li v. Barr

BIA
Sichel, IJ
A205 228 856

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of March, two thousand twenty.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> RICHARD C. WESLEY,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

_____

SHAODONG LI,
> *Petitioner*,

v.

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

17-485
NAC

_____

FOR PETITIONER: Gary J. Yerman, New York, NY.

FOR RESPONDENT: Chad A. Readler, Principal Deputy Assistant Attorney General; Keith I. McManus, Assistant Director; Scott M. Marconda, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Shaodong Li, a native and citizen of the People's Republic of China, seeks review of a January 23, 2017, decision of the BIA affirming a May 26, 2016, decision of an Immigration Judge ("IJ") denying Li's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shaodong Li,* No. A205 228 856 (B.I.A. Jan. 23, 2017), *aff'g* No. A205 228 856 (Immig. Ct. N.Y. City May 26, 2016). We assume the parties' familiarity with the underlying facts and procedural history of this case.

"When the BIA agrees with an IJ's adverse credibility determination and adopts particular parts of the IJ's reasoning, we review the decisions of both the BIA and the IJ." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).[1] "Our review of the IJ's decision includes the portions not explicitly discussed by the BIA, but not those grounds

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

explicitly rejected by the BIA." *Id*. The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao*, 891 F.3d at 76-77.

"We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, which requires that they be supported by reasonable, substantial and probative evidence in the record when considered as a whole." *Hong Fei Gao*, 891 F.3d at 76. "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. However, "[w]here an IJ relies on erroneous bases to reach an

3

adverse credibility determination, and we cannot confidently predict that the IJ would reach the same conclusion in the absence of these deficiencies, the IJ's adverse credibility determination cannot stand." *Hong Fei Gao*, 891 F.3d at 77.

In this case, the IJ's adverse credibility determination rests in part on an incorrect reading of Li's testimony. Because we cannot confidently predict that the IJ would reach the same conclusion in the absence of this error, the IJ's adverse credibility determination cannot stand.

The IJ's adverse credibility determination is based in substantial part on the fact that Li's mother reported in a letter that she attended an underground church and suffered abuse at the hands of the Chinese government, yet Li's prior testimony and a letter from Li's sister did not mention this abuse. Li attempted to explain his sister's failure to address this abuse in part by saying that his mother and sister did not speak on the phone every day and live far apart, but the IJ dismissed this explanation:

> The Court also notes that Respondent's testimony regarding his sister was internally inconsistent and inconsistent with evidence of record. Respondent initially testified that his sister and mother speak on the phone every day. After he was asked why his sister would not mention that his mother had been threatened by police in China, Respondent stated that his mother and sister speak on the phone, but

4

not every day and that they live far away from each other. The Court is not convinced by Respondent's attempt to explain this apparent discrepancy in his narrative, especially given the fact that the letter from Respondent's mother states that Respondent's sister paid bail in order to obtain Respondent's mother's release from detention.

Li Cert. Admin. R. at 57 (emphasis added); *see also* Li Cert. Admin. R. at 55 (summarizing Li's testimony and describing it as inconsistent on this point).[2]

But Li never testified that his sister and mother speak on the phone every day. Li never specified how often his mother and sister spoke:

Q: Do you and, does your mother and your sister, do they live together in China?
A: No.
Q: Okay. How often, do they speak with each other?
A: Yes.
Q: Okay. Well, the letter that you submitted from your sister makes no mention that your mother has ever been threatened in China because you're a Christian. Why is that, sir?

Li Cert. Admin. R. at 87. In fact, it was the government who incorrectly asserted that Li had testified that his mother and sister speak on the phone every day.[3] Li Cert. Admin. R.

---

[2] The BIA's decision does not directly address Li's testimony concerning how often his mother and sister speak on the phone.

[3] The government appears to concede this error and only notes that "it is undisputed that Petitioner and his mother and sister spoke often by telephone." Resp. Br. at 22.

at 88 (emphasis added).

This error is not necessarily harmless. The IJ devotes a substantial part of her discussion of Li's credibility to this inconsistency. Moreover, although the IJ said that she would find that Li had failed to adequately corroborate his claim even if he had testified credibly, her rejection of at least some of his corroborating documentary evidence was largely based on this same credibility determination. Namely, the IJ discounted Li's sister's letter because, "[a]lthough Respondent admitted that his mother and sister were in frequent communication, Respondent's sister made no mention of the detention of Respondent's mother or the threats against her in her letter," so, "[f]or the reasons discussed in the section on credibility, . . . the Court does not credit Respondent's explanations for the absence of such information in his sister's letter." Li Cert. Admin. R. at 58.

Since the IJ relied on a clear error of fact to make an adverse credibility determination and we cannot confidently predict that the IJ would reach the same conclusion in the absence of the error, we remand the case to the BIA—"or the IJ, if that is the most appropriate decision-maker in the first instance,"—for reconsideration consistent with this

6

opinion. *Hong Fei Gao*, 891 F.3d at 76-77, 82; *see Gurung* v. *Barr*, 929 F.3d 56, 62 (2d Cir. 2019).

For the foregoing reasons, the petition for review is GRANTED. We VACATE the BIA's order and REMAND the case to the BIA for reconsideration consistent with this opinion. Because the IJ's ruling on Li's application for withholding of removal and CAT relief was also based, at least in part, upon the adverse credibility determination, we vacate and remand with respect to these two claims as well.

As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court